UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JERROLD EUGENE DUBOSE,

                Plaintiff,                **ORDER**
                                                   24-CV-08254 (NRM) (CHK)

      -against-

RIKERS ISLAND; KIRBY PSYCH; CASES INC;
MANHATTAN PSYCH; NY PRESBYTERIAN
WEIL LIFE INC,

                Defendants.
------------------------------------------------------------x

**NINA R. MORRISON**, United States District Judge:

    *Pro Se* Plaintiff Jerrold Eugene Dubose, who resides in Brooklyn, filed the instant action pursuant to 42 U.S.C. § 1983. Along with the complaint, Plaintiff filed an application to proceed *in forma pauperis* ("IFP"). For the reasons discussed below, Plaintiff's request to proceed IFP is denied, and he is granted fourteen (14) days from the date of entry of this Order to submit a long-form IFP application or pay the filing fee.

## DISCUSSION

    A plaintiff seeking to proceed IFP must submit an affidavit stating "that the person is unable to pay" filing fees "or give security therefor" and must also include "a statement of all assets" the person possesses. 28 U.S.C. § 1915(a)(1). "A litigant need not be 'absolutely destitute' to qualify for *in forma pauperis* status but need demonstrate only that they 'cannot because of their poverty pay or give security for the costs and still be able to provide [themselves] and dependents with the necessities

1

of life.'" *Rosa v. Doe*, 86 F.4th 1001, 1005 (2d Cir. 2023) (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)) (alteration in original); *Gil v. JP Morgan Chase Bank, N.A.*, No. 23-CV-2268 (HG) (JAM), 2023 WL 8567478, at *3 (E.D.N.Y. Dec. 11, 2023).

Plaintiff's affidavit is incomplete. He simply writes "N/A" or "-0-" in every section of the IFP application. ECF No. 2, at 1–2. "'Because no one can live on no income and no assets,' affidavits asserting that the plaintiff has no income and no assets *without further explanation* 'must be incomplete and, by extension, fail to support *in forma pauperis* status.'" *Jones v. ACS/Queens Field Off.*, No. 23-CV-5742 (EK) (LB), 2024 WL 2818138, at *1 (E.D.N.Y. June 3, 2024) (quoting *Amanda M. v. Kijakazi*, No. 22-CV-353, 2022 WL 1395941, at *1 (D. Conn. Apr. 29, 2022)); *Simmons v. N.Y.C. Dep't of Corr.*, No. 23-CV-7101 (OEM) (RML), 2024 WL 4436427, at *1 (E.D.N.Y. Oct. 7, 2024); *Bey v. Raso*, No. 24-CV-3528 (PKC) (LGD), 2024 WL 3252569, at *1 (E.D.N.Y. July 1, 2024).

## CONCLUSION

Accordingly, Plaintiff's IFP application is denied without prejudice. To proceed with this action, Plaintiff is granted 14 days from the entry of this Order to either file a Long Form IFP application sufficiently explaining his financial status or to pay the $405.00 filing fee.

The Clerk of Court is directed to mail a copy of this Order to Plaintiff, together with the IFP Long Form.

The Court certifies that any appeal from this Order would not be in good faith and, therefore, IFP status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

*/s/ Nina R. Morrison*
NINA R. MORRISON
United States District Judge

Dated:   Brooklyn, New York
        July 29, 2025